UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

RICHARD REGIS,

                        Petitioner,              16 CV 4528 (CM)

  -against-                                      05 CR 1331-01 (CM)

UNITED STATES OF AMERICA,

                        Respondent.
------------------------------------------------------------x

       ORDER DENYING MOTION TO VACATE PURSUANT TO 28 U.S.C. § 2255

McMahon, J.:

      A five count Information S1 05 Cr. 1331 (CM) was filed on June 28, 2006, charging Regis with: conspiring to commit armed bank robbery and armed credit union robbery, in violation of 18 U.S.C. § 371, (Count 1); attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2, (Count 2); possessing a firearm in furtherance of an attempted bank robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 2, (Count 3); attempted armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d) and 2, (Count 4); and conspiring to violate the Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), (Count 5).

      On June 28, 2006, Regis pled guilty to all five counts of the Information pursuant to a written plea agreement in which he stipulated that he would not appeal or otherwise challenge a sentence that was within or below the range of 181 to 211 months imprisonment.

      On November 13, 2006, the Court sentenced Regis to a term of 211 months imprisonment, to be followed by a five-year term of supervised release and ordered Regis to pay $301,900 in restitution as well as a mandatory $500 special assessment.

      On June 9, 2020, Regis was released from custody of the Bureau of Prisons and began

serving his term of supervised release.

Regis had taken a direct appeal following his sentencing and, on June 30, 2008, the Court of Appeals dismissed the appeal as, *inter alia*, untimely filed. *See United States v. Regis*, No. 06-5650 (2d Cir.).

On or about November 17, 2008, Regis filed his first petition under § 2255 to vacate, set aside, or correct sentence. *See Regis v. United States*, No. 08 Cv. 9904 (CM) (S.D.N.Y.). On September 30, 2009, the Court denied that petition and declined to issue a certificate of appealability. Dkt. No. 46. On or about May 3, 2010, Regis filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Criminal Procedure. Dkt. No. 48. On December 13, 2010, the Court denied that motion. Dkt. No. 51.

On or about June 14, 2016, Regis filed a motion in the Second Circuit for an order authorizing this Court to consider a second petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255(h). *See Regis v. United States*, No. 16-1887 (2d Cir.). The Second Circuit has granted Regis' application for leave to file a second or successive petition. *Regis v. United States*, No. 16-1887 (2d Cir.), ECF No. 16. Accordingly, the petition is now properly before this court.

<u>Regis Motion to Vacate his Section 924(c) Conviction</u>

Regis latest § 2255 motion challenges his conviction on Count Three, arguing that "under *Johnson v. United States*, 135 S. Ct. 2551 (2015), the predicate offense for that count (attempted bank robbery) no longer qualifies as a 'crime of violence,' an essential element of the charged 924(c) crime." Petition at 5.

A defendant violates Section 924(c) when he uses or carries a firearm during and in relation to, or possesses a firearm in furtherance of, a "crime of violence" or "drug trafficking

crime." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is defined, in relevant part, as a crime that is a federal felony offense and either: "(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection 924(c)(3)(A) is commonly known as the "Force Clause" or "Elements Clause," and Subsection 924(c)(3)(B) is commonly known as the "Risk-of-Force Clause." In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court declared the Risk-of-Force Clause to be unconstitutionally vague and therefore unenforceable.

"To determine whether an offense is a crime of violence [under the Force Clause], courts employ what has come to be known as the categorical approach." *United States v. Hill*, 890 F.3d 51, 55 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 844 (2019). Under this approach, "courts identify the minimum criminal conduct necessary for conviction under a particular statute" by reviewing the elements of the offense in the context of "reality, logic, and precedent, not flights of fancy." *Id.* at 55-56. "[T]o show a predicate conviction is not a crime of violence 'requires more than the application of legal imagination to the statute's language.'" *Id.* at 56 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). Rather, "there must be 'a realistic probability, not a theoretical possibility,' that the statute at issue could be applied to conduct that does not constitute a crime of violence." *Id.* (quoting *Gonzales*, 549 U.S. at 193). Moreover, a defendant "must at least point to his own case or other cases in which the . . . courts in fact did apply the statute in the . . . manner for which he argues." *Id.* (quoting in part *Gonzales*, 549 U.S. at 193).

A defendant violates the bank robbery statute when he "by force and violence, or by

intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." 18 U.S.C. § 2113(a).[2] The Second Circuit has held that both substantive bank robbery and attempted bank robbery are categorically "crimes of violence" within the meaning of the Force Clause of § 924(c)(3)(A). *United States v. Hendricks*, 921 F.3d 320, 326-28 (2d Cir. 2019) (substantive bank robbery); *United States v. Collier*, 989 F.3d 212, 220-22 (2d Cir. 2021) (attempted bank robbery).

Accordingly, Regis's Petition is denied.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Perez*, 129 F.3d 255, 260 (2d Cir. 1997). Further, the Court finds, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from an order denying Regis' motion would not be taken in good faith. *See Feliz v. United States*, No. 01-cv-5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002).

This constitutes the order of the Court.

Dated: January 11, 2022

_____
Colleen McMahon
District Court Judge